In the Matter of Proving the Last Will and Testament of MARGARET REILLY, Deceased, as a Will of Real and Personal Property.

Surrogate's Court, Bronx County, March, 5, 1927.

Wills — execution — clauses reciting legacies appear on page of will after signatures of testatrix and subscribing witnesses — document was not subscribed at end thereof as required by Decedent Estate Law, § 21 — probate denied.

The probate of a document offered as the last will of the testatrix must be denied, where it appears that eight legacies appear on page 2 of the instrument after the signatures of the testatrix and the subscribing witnesses; the instrument has not been executed as required by section 21 of the Decedent Estate Law, since it has not been subscribed by the testatrix and by the witnesses at the end thereof.

PROCEEDING for probate of will.

*Isidore L. Hirscher,* for the proponent.

SCHULZ, S. The document offered for probate was drawn upon a printed form. On the 1st page appear a number of general legacies followed by the words " continued on page 2." Then

comes a provision appointing an executor and the testimonium clause, after which appear the signatures of the decedent and two witnesses. Immediately beneath the signatures is an attestation clause signed by the witnesses who also subscribed their addresses.

On the 2d page appear eight additional general legacies and also a reference to a possible residue. No signatures appear upon the 2d page. From the deposition of one of the attesting witnesses, the other being dead, as well as from the language of the instrument itself, it would appear that the writing on the 2d page was upon the paper at the time of the execution of the document.

The paper is similar to that which I considered in *Matter of Schroeder* (98 Misc. 92), and I am constrained to reach the same conclusion in this matter which I did in that, namely that the document is not subscribed at the end either by the testator or by the witnesses. There is no doubt that the decedent intended to execute this instrument as his last will and testament, but that is not sufficient. The statute must be complied with and the decedent's intent can only be given effect where the document has been legally executed. (Decedent Estate Law, § 21; *Matter of O' Neil*, 91 N. Y. 516; *Matter of Blair*, 84 Hun, 581; affd., on opinion below, 152 N. Y. 645; *Matter of Andrews*, 162 id. 1; *Matter of Field*, 204 id. 448.) This paper has not been executed as required by the statute in that it has not been subscribed by the testator and by the witnesses at the end thereof and, therefore, probate must be denied.

Settle decree accordingly.